**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**EMMI KUSHNIR,**

               **Plaintiff,**

**-vs-**                                                        **Case No. 6:13-cv-711-Orl-18DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**

               **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

The Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42 United States Code Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the Commissioner) denying her claim for Disability Insurance Benefits (DIB) under the Act.

The record has been reviewed, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.

For the reasons that follow, it is respectfully **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED**.

## I. BACKGROUND

### A. Procedural History

Plaintiff filed for a period of disability and disability benefits on January 25, 2010, alleging an onset of disability on November 6, 2009, due to neck pain which radiates across her shoulders and up to the base of her head; numbness in her arm; lower back pain from bad discs which spreads to her

right leg; and hypertension. R. 51-52, 136, 138, 140. Her application was denied initially and upon reconsideration. R. 54, 59. Plaintiff requested a hearing, which was held on September 21, 2011, before Administrative Law Judge Gregory J. Froehlich (hereinafter referred to as "ALJ"). R. 26-50. In a decision dated February 10, 2012, the ALJ found Plaintiff not disabled as defined under the Act through the date of his decision. R. 9-21. Plaintiff timely filed a Request for Review of the ALJ's decision, which the Appeals Council denied on February 29, 2012. R. 1-5. Plaintiff filed this action for judicial review on May 3, 2013. Doc. 1.

### B. Medical History and Findings Summary

Plaintiff has two years of college education and past relevant work as a structural drafter and a machinist. R. 29-30, 46, 141. Plaintiff's medical history is set forth in detail in the ALJ's decision. Plaintiff had ongoing back pain since 1986 and a long history treatment for her back. R. 174. Her neck and back injury was aggravated by an car accident on August 9, 2008, and Plaintiff subsequently experienced more severe pain. R. 174. She was diagnosed by August of 2009 with three herniated discs in the cervical spine and a herniated disc in the lower back. R. 205, 211. Plaintiff's date of last insured was December 31, 2013. R. 12.

After reviewing Plaintiff's medical records and Plaintiff's testimony, the ALJ found that Plaintiff suffered from degenerative disc disease, which was a "severe" medically determinable impairment, but was not an impairment severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. R. 14-15. The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform a reduced range of light work with a sit/stand option, occasional climbing, balancing, stooping, kneeling, crouching, and crawling, and no concentrated exposure to vibrations. R. 15. Based upon Plaintiff's RFC, the ALJ determined that she could not perform past relevant work. R. 19. Considering Plaintiff's vocational profile and RFC, the ALJ applied the Medical-Vocational Guidelines (the grids), 20 C.F.R. Pt. 404, Subpt. P, App. 2,

and, based on the testimony of the vocational expert ("VE"), the ALJ concluded that Plaintiff could perform work existing in significant numbers in the national economy as a ticket taker, a ticket seller, and a cashier II. R. 20. Accordingly, the ALJ determined that Plaintiff was not under a disability, as defined in the Act, at any time through the date of the decision. R. 21.

Plaintiff now asserts a single point of error. She argues that the ALJ erred by failing to find that her headaches and obesity were severe, and even if non-severe, should have been discussed in combination with her other impairments. For the reasons that follow, it is respectfully **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED**.

## II.    STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" *Id.* (internal quotation and citation omitted). *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account

evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## III.     ISSUE AND ANALYSIS

Plaintiff argues that the ALJ erred in not finding her obesity and her headaches to be "severe" impairments, and, alternatively, by not including these impairments – even if non-severe – when considering her all of her impairments in combination at Step 2 of the analysis pursuant to the regulations. The Commissioner argues that substantial evidence supports the ALJ's decision.

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f).

At Step 2 of the five-step evaluation process, an ALJ is called upon to determine whether a claimant's impairments are severe. By definition, this inquiry is a "threshold" inquiry. It allows only claims based on the most trivial impairments to be rejected. In this Circuit, an impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be

expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. A claimant need show only that her impairment is not so slight and its effect not so minimal. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). As Plaintiff correctly points out, the regulations require the ALJ to consider the combined effect of a Plaintiff's impairments, even when those impairments are considered to be "non-severe" when considered separately. *See* 20 C.F.R. §§ 404.1523, 404.1545(e), 416.923.15, 416.945(e).

Plaintiff argues that as part of the Step 2 evaluation the ALJ is required to consider the combined effect of all the alleged impairments, both severe and nonsevere. While a finding of any severe impairment may satisfy the Step 2 requirement that at least one severe impairment must exist for the sequential evaluation process to continue to Step 3, the process by which Step 2 is determined nonetheless must meet the legal standards of 20 C.F.R. §§ 404.1523 and 416.923. She argues that the medical records clearly show that she is obese and experiences chronic headaches, but "there is no way to determine from a review of the ALJ's decision whether he considered these impairments at all because the ALJ failed to mention them. She argues there is no indication that the ALJ even considered her obesity and headaches, much less determined whether these impairments were severe of not, and they should have been specifically addressed by the ALJ. Plaintiff argues that the medical records indicate that she has pain related to cervical and lumbar spine impairments, and to chronic headaches, and the impact of her obesity on her spinal impairments should have been considered by the ALJ. Doc. 15 (citing *Andrades v. Astrue*, 2010 WL 4823838 at *8 (M.D. Fla. November 12, 2010) (holding the ALJ had a duty to consider all of the plaintiff'|s impairments in combination, both severe and non-severe, and plaintiff's non-severe impairments, including obesity, should have been specifically addressed by the ALJ); *Kilmartin v. Astrue*, 2010 WL 5070999 (M.D. Fla. December 7, 2010) (finding reversible legal error where the ALJ failed to consider the effects of the plaintiff's

obesity when evaluating his total disability under SSR 02-1p even though medical records indicated doctors were concerned about the effect of his weight on his hip and cardiovascular system).

The Commissioner argues that Plaintiff bears the ultimate burden to prove she is disabled and she failed to meet this burden. *See* 20 C.F.R. § 404.1512(a); *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The Commissioner contends that Plaintiff never alleged that her weight or her headaches affected her ability to work, nor did she claim her weight or headaches caused any limitations in the documents she submitted with her applications (R. 139-48). The Commissioner points out that when Plaintiff testified at the hearing, she only identified neck pain and back pain as the reasons why she could not work (R. 32) and did not mention her weight, obesity, or headaches once during the administrative hearing (R. 28-50).

The Commissioner contends that Plaintiff failed to show that she had a severe impairment due to obesity or headaches because she did not show these conditions affected her ability to work beyond the limitations found by the ALJ and the Eleventh Circuit has rejected similar arguments by other claimants that an ALJ should have discussed a particular impairment when the claimant failed to raise the impairment as an issue to the ALJ. Doc. 17 (citing *Robinson v. Astrue*, 365 F. App'x 993, 995-96 (11th Cir. Feb. 19, 2010); *Street v. Barnhart*, 133 F. App'x 621, 627-29, 630 (11th Cir. May 18, 2005)).

Plaintiff argues that in Section 3 (Medical Conditions) of the Disability Report–Adult, she listed her impairments as "bad disc in the neck and back; sciatica and arm numbness" and noted that her height was 5'7" with a weight of 230 pounds as "conditions [which] cause you pain or other symptoms." Doc. 15 at 21 (citing R. 174[1]). She now construes the factual information of her height

---

[1] This language is not on the *Transcript* page at R. 174 in the numbering by the Social Security Administration. Plaintiff's counsel may have used the numbering system generated by the CM/ECF system for the document, which is not generally used by Courts in the Middle District, given the vagaries of the way electronic documents are filed in various other courts (i.e., the Eleventh Circuit) and the problems with consistency. In the future, counsel will be expected to use the transcript page number.

and weight as the equivalent of having "alleged that she is obese (under the BMI criteria) and that her obesity causes a limitation in her function." *Id*.

Plaintiff mischaracterizes her allegations of impairments from the Disability Report (R. 140), which merely listed the factual information of her height and weight. Nowhere in her applications or at the hearing did she list obesity as an impairment, nor did any physician identify any functional limitations from obesity as an impairment. R. 208-19, 222-24, 246, 256-59, 262-76, 281, 286, 388-89, 390. As the Commissioner argues, Plaintiff points to only three medical notes where doctors and nurses mentioned she was overweight; given a generic handout recommending "a healthy diet, lifestyle and exercise"; or told to follow a low fat diet – which was noted in conjunction with her GERD condition. Doc. 15 at 22 (citing R. 234, 284, 332).

Plaintiff attempts to argue that other cases from the Middle District finding the ALJ had *not* erred in failing to address the plaintiff's obesity are distinguishable from the facts herein. Doc. 15 at 19-20 (citing *Biesty v. Astrue*, 2011 WL 4424442 at *5, *6 (M.D. Fla. September 22, 2011); *Ingram v. Astrue*, 2008 WL 2943287 at *4, *5 (M.D. Fla. July 30, 2008); *Fashaw v. Astrue*, 2011 WL 1237578 at *8 (M.D. Fla. February 15, 2011); *Early v. Astrue*, 481 F.Supp.2d 1233 (N.D. Ala. 2007). As Plaintiff acknowledges, in these cited cases the central issue was whether the ALJ had properly addressed Plaintiff's obesity as an impairment, and the court in those cases found the ALJ had not erred in failing to address the claimant's obesity where the claimant had failed to allege functional limitations due to obesity and no medical source suggested any functional limitations due to obesity. *See, e.g., Biesty v. Astrue*, 2011 WL 4424442 at *5, *6 (M.D. Fla. September 22, 2011) (holding ALJ's failure to find obesity as severe impairment or to effect functioning was not error where plaintiff did not claim obesity affected his functioning and there was no evidence from medical provider that obesity impaired plaintiff's ability to work); *Ingram v. Astrue*, 2008 WL 2943287 at *4, *5 (M.D. Fla. July 30, 2008) (holding that the ALJ did not err where plaintiff failed to point to

evidence of record suggesting reduced capacity for work due to obesity). She argues that this case is distinguishable because the ALJ failed to even mention obesity and headaches or to show that he included any consideration of these impairments, whether severe or non-severe, in the combination of impairments. The facts of *Biesty* and *ingram* are nearly identical to the facts of this case and, consistent with those holdings, the Court finds that it was not error for the ALJ to omit discussion of Plaintiff's alleged obesity where she had failed to allege is was an impairment or caused functional limitations.

As to Plaintiff's complaints of headaches in the medical records, a few treatment notes from late 2008 and early 2009, around the time of her motor vehicle accident indicate she had complaints of posttraumatic headaches with cervicogenic character, related to her neck problems. R. 222-24 (Dr. Godleski–October 2, 2008, January 15, 2009; R. 216-20 (Dr. Frank Alvarez–January 16 & 29, 2009). The Commissioner argues that, on these occasions, Plaintiff complained of headaches secondary to neck pain, and she did not claim headaches – apart from her cervical spine condition – limited her in anyway. Plaintiff's physicians treated her for her cervical spine condition, but did not list any particular limitations due to headaches; there was no mention of the headaches after early 2009, once Plaintiff's cervical spine pain had abated. R. 208-11, 215-19, 222, 224, 234, 246, 256, 259, 262-67, 270-76, 281, 284, 286, 333, 388-89, 390. As such, Plaintiff failed to prove that her obesity and headaches were "severe" impairments, and she failed to show that either of the conditions caused limitations that prevented her from performing the RFC assigned by the ALJ. Accordingly, the ALJ's decision which omitted obesity and headaches as sever impairments and did not include them in the combination of impairments was based on substantial evidence[2].

---

[2] Although the Commissioner devotes several pages of the brief (Doc. 17 at 8-12) to a discussion of the ALJ's findings regarding the ALJ's decision concerning Plaintiff's degenerative disc disease, she did not challenge that portion of the ALJ's opinion, and the issue is not further discussed herein.

## IV. CONCLUSION

The record in this case shows that Plaintiff does not enjoy full health and that her lifestyle and activities are affected by her ailments to some degree. The ALJ appropriately considered these circumstances and analyzed them in relation to the exacting disability standard under the Social Security Act. For the reasons set forth above, the ALJ's decision is consistent with the requirements of law and is supported by substantial evidence. Accordingly, it is respectfully **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) and the Clerk of the Court be directed to enter judgment and, thereafter, close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 5, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy